**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

**CIVIL ACTION NO. 3:12-CV-00170-S**

JAMES W. HACKNEY                                                              PLAINTIFF

V.

LINCOLN NATIONAL LIFE INSURANCE CO.                   DEFENDANTS
and
VASCULAR SOLUTIONS, INC.

**MEMORANDUM OPINION AND ORDER**

Vascular Solutions, Inc. ("VSI") recently filed a motion for a protective order with respect to its pending deposition. VSI objects to the scope of certain noticed topics (specifically, any questions pertaining to VSI's policies and procedures concerning workers compensation and long-term disability) and the scope of the requested document production.

During the oral argument, Mr. Hackney's counsel indicated that the only documents he seeks are those that are discoverable, but have not yet been produced. Counsel for VSI responded that all discoverable and responsive documents have already been produced, but affirmed his client's commitment to supplement its discovery responses by promptly producing any relevant, non-privileged documents discovered as this case progresses. Accordingly, that portion of VSI's motion which pertains to document production is moot.

Having considered the motion and all responsive pleadings thereto, heard oral argument of counsel during a teleconference on December 18, 2012, and being otherwise sufficiently advised,

**IT IS HEREBY ORDERED THAT** VSI's motion (docket no. 36) is **GRANTED**. As noted above, that portion of the motion pertaining to document production is moot. With respect to the scope of appropriate questioning, the court carefully considered Mr. Hackney's argument that information about how VSI's handling of workers compensation and long term disability claims might lead to information relevant to the issue of whether VSI improperly deemed Mr. Hackney to have abandoned his employment, but the court respectfully disagrees. Mr. Hackney's Amended Complaint consists of several claims of breach of contract, plus some related claims of statutory violations and one allegation of tortious interference with a contract allegedly breached. None of these claims allege any improper denial of workers compensation or long term disability benefits, nor would any evidence of whether an award of workers compensation or long term disability benefits be admissible as evidence in the trial of this action. Accordingly, the court cannot agree that deposition questions or document production requests regarding those issues "appear[] reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

DATE:

cc: counsel of record