UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JAMES W. HACKNEY                                                            PLAINTIFF

v.                                              CIVIL ACTION NO. 3:12-CV-00170-CRS

THE LINCOLN NATIONAL LIFE
INSURANCE COMPANY, ET AL.                                                   DEFENDANT

**MEMORANDUM OPINION**

This matter is before the Court on a motion to dismiss, or in the alternative, for summary judgment (DN 81) filed by Defendant The Lincoln National Life Insurance Company ("Lincoln") against Plaintiff James W. Hackney ("Hackney"). For the reasons set forth below, the Court will hold the motion in abeyance until Hackney has completed discovery.

**BACKGROUND**

Unless otherwise indicated, the following facts are undisputed. Defendant VSI is a Minnesota-based company engaged in the development and sale of medical devices designed for use in coronary and peripheral vascular procedures. In June 2005, Hackney began working for VSI as an Associate Account Manager, in which capacity he was responsible for obtaining new business by direct selling into hospital catheter labs and hospital interventional radiology labs in Kentucky, Southern Indiana, and Southern Ohio. Over the course of the next several years,

Hackney was gradually promoted until he finally assumed the position of Director of Marketing for Catheters on July 1, 2010. As Director of Marketing, Hackney created market feasibility plans in consultation with VSI sales representatives and engineers, in addition to reviewing and drafting marketing literature such as brochures and instructional documents.

The terms of Hackney's employment as Director of Marketing were governed by an Employment Agreement ("Agreement") between Hackney and VSI. Pursuant to the Agreement, Hackney was an "at-will" employee to be paid an annualized salary of $178,000. Section 8 provided that Hackney would be entitled to severance pay in the event that he was terminated for any reason other than "Violating Conduct," which was defined to include "a violation of the Company's written Code of Conduct…, falsely reporting factual information to management, job abandonment, or refusal to follow specific direction from management." Additionally, Section 4(e) provided that Hackney would be entitled to participate in any benefit plans established by VSI's Board of Directors. One of these plans was VSI's Salary Continuation Plan (the "Plan"), pursuant to which employees were entitled to short-term disability benefits in the event they became "Totally Disabled." According to the Plan, an employee was considered "Totally Disabled" if he was unable to perform the "main duties of [his] regular occupation… due to sickness or injury…" (Salary Continuation Plan, DN 116-4, at 8). Although VSI paid all benefits under the Plan out of its general assets,[1] employees were not required to pay a premium in order to be eligible for benefits.

Because it did not have sufficient human resources personnel, VSI entered into an Advice to Pay Agreement with Defendant Lincoln whereby Lincoln agreed to administer VSI's short-term disability benefits according to the terms of the Plan. Specifically, Lincoln agreed to

---

[1] Because VSI pays its disability benefits out of its general assets, it is undisputed that the Plan qualifies as a "payroll practice" exempted from the requirements of the Employee Retirement and Income Security Act under 29 C.F.R. § 2510.3-1(b)(2).

review, investigate, and ultimately determine the merits of employees' claims for benefits under the Plan. Importantly, however, Lincoln's determinations were merely advisory and VSI retained the exclusive authority to approve or deny an employee's claim.

After several years of suffering from hypoparathyroidism, Hackney notified VSI on October 6, 2010, that he believed his condition had permanently disabled him such that he could no longer perform the necessary functions of his job. Shortly thereafter, he submitted a claim for short-term disability benefits pursuant to the Plan. Based on its review of his claim, Lincoln recommended to VSI that it approve Hackney's claim for approximately four weeks, which VSI ultimately approved. In a letter dated October 14, 2010, Lincoln informed Hackney that VSI had approved his claim for benefits extending through November 2, 2010, and that, in order to qualify for benefits beyond that date, he would be required to submit additional medical evidence demonstrating that he remained disabled. However, Lincoln emphasized that "[a] note from your physician without any supporting medical evidence may not be sufficient to consider further benefits." (DN 121 at 20).

On November 3, 2010, Hackney failed to report for work. Believing that he remained permanently disabled, Hackney instead sought additional disability benefits pursuant to the Plan. In support of his claim, Hackney submitted the following medical records:

1) Medication List;
2) Office Visit Note from Dr. Tom Childress dated July 5, 2010;
3) Office Visit Note from Dr. Paul Goodlett dated September 2, 2010;
4) Office Consult from Dr. Tom Childress dated September 27, 2010;
5) Radiology Report dated September 30, 2010;
6) Office Visit Note from Dr. Paul Goodlett dated September 30, 2010;
7) Office Visit Note with Dr. Paul Goodlett dated October 5, 2010;
8) Office Visit Note from Dr. Tom Childress dated October 6, 2010;
9) Letter from Dr. Paul Goodlett dated October 6, 2010;
10) Attending Physician's Statement from Dr. Paul Goodlett dated October 11, 2010;
11) Letter from Dr. Lary Fineman dated October 24, 2010.

3

Based on its review of these records, Lincoln recommended that VSI deny Hackney's claim for extended benefits on the grounds that he had failed to establish that he remained "Totally Disabled" within the meaning of the Plan. In accordance with Lincoln's recommendation, VSI determined that Hackney was ineligible to receive benefits beyond November 2, 2010, and accordingly denied his claim for extended benefits.

On March 2, 2011, Hackney appealed VSI's denial of his claim for extended benefits. After considering his appeal, Lincoln recommended that VSI deny the appeal on the grounds that the medical documentation failed to support his claim that he remained Totally Disabled. In accordance with Lincoln's recommendation, VSI denied Hackney's appeal. On March 30, 2011, Lincoln informed Hackney via letter that VSI had decided to deny his appeal. In the letter, Lincoln explained that the medical records submitted by Hackney established only that Hackney was restricted from prolonged standing, walking, climbing, pushing, pulling, bending and lifting. Because such tasks were not necessary functions of Hackney's position as Director of Marketing, Lincoln explained that Hackney failed to meet the definition of Totally Disabled as that term was defined in the Plan.

During the appeal process, VSI attempted to contact Hackney several times in order to determine whether he planned on returning to work or whether he would require accommodations in order to do so. On January 18, 2011, Hackney responded that he was still unable to return to work and would therefore need additional time off work. Despite the fact that Hackney's FMLA leave had expired three weeks earlier, VSI agreed to hold his position open until April 20, 2011, at which time he would be required to return to work.

On April 20, 2011, Hackney failed to report to work. On April 21, 2011, VSI notified Hackney that it was terminating his employment effective May 12, 2011. As grounds for

termination, VSI explained that Hackney had failed to respond to VSI's request that he identify accommodations that could make it possible for him to return to work. Given Hackney's refusal to return to work despite VSI's attempt to accommodate him, VSI stated that it considered his actions to constitute job abandonment.

## PROCEDURAL HISTORY

On March 6, 2012, Hackney filed the present action against VSI and Lincoln in Jefferson County Circuit Court. On March 28, 2012, Defendants removed the action on the basis of diversity jurisdiction. (DN 1). After extensive discovery, Hackney filed an Amended Complaint (DN 80) asserting the following causes of action against Lincoln:

> a. tortious interference with contract based on Lincoln's recommendation that VSI breach its contract to pay disability benefits pursuant to the Plan;
> b. violation of KY. REV. STAT. § 311.560 for the unlawful practice of medicine without a license
> c. violation of KY. REV. STAT. § 304.12-230 for failure to fairly process Hackney's claim for disability benefits.

On May 17, 2013, Lincoln filed a motion to dismiss or, in the alternative, a motion for summary judgment (DN 81).[2] On June 14, 2013, Hackney formally withdrew his claim for violation of KY. REV. STAT. § 304.12-230 based on Lincoln's alleged failure to fairly process Hackney's claim for disability benefits. (DN 91). On May 30, 2014, we held the motion for summary judgment in abeyance on the grounds that Hackney's response brief had not adequately responded to the motion insofar as it treated the motion as one to dismiss, rather than one for summary judgment. (DN 123). In our accompanying Order (DN 124), we provided Hackney with 21 days within which to file a response to the motion for summary judgment. Pursuant to an

---

[2] For reasons discussed in our Memorandum Opinion dated May 30, 2014 (DN 123 at 9), the Court will construe this motion as a motion for summary judgment.

5

Agreed Order entered on June 23, 2014, the deadline for the filing of Hackney's response brief was extended until July 21, 2014. (DN 126).

On July 21, 2014, Hackney filed his response brief to the motion for summary judgment. In addition to substantively responding to the arguments advanced by Lincoln in its motion, Hackney argued that the motion for summary judgment must be held in abeyance pursuant to FED. R. CIV. P. 56(d) because he had not yet been afforded an adequate opportunity to complete discovery.

Having considered the parties' briefs and being otherwise sufficiently advised, the Court will now address the motion for summary judgment.

**STANDARD**

Before granting a motion for summary judgment, the Court must find that there is no genuine issue of material fact such that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The party moving for summary judgment bears the initial burden of establishing the nonexistence of any issue of material fact, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986), a burden which may only be satisfied by "citing to particular parts of materials in the record..." or "showing that the materials cited do not establish the absence or presence of a genuine dispute." FED. R. CIV. P. 56(c)(1). If the moving party satisfies this burden, the burden of production shifts to the non-moving party, who must then identify evidence demonstrating the existence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 322.

FED. R. CIV. P. 56(d) permits a court to allow discovery prior to ruling on a motion for summary judgment if "a nonmovant shows by affidavit" that it cannot present facts "essential to justify its opposition." The Sixth Circuit has "interpreted Rule 56[d] as requiring a party opposing a summary judgment motion to file an affidavit that 'indicate[s] to the district court its

need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information.'" *Gettings v. Bldg. Laborers Local 310*, 349 F.3d 300, 305 (6th Cir. 2003) (quoting *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000)). Where the nonmovant adequately demonstrates the need for additional discovery, the court may: "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." FED. R. CIV. P. 56(d).

## DISCUSSION

Hackney argues that we should hold the motion for summary judgment in abeyance pursuant to FED. R. CIV. P. 56(d) because he has not yet been afforded an adequate opportunity to complete discovery. Pursuant to our Order dated July 1, 2013 (DN 96), Hackney was granted "45 days, as measured from the… Court's ruling on Hackney's motion to expand discovery (DN 78), in which to complete discovery." (DN 96). Because we did not issue a final ruling on Hackney's Motion to Expand Discovery (DN 78) until we denied Hackney's Motion for Reconsideration (DN 101) of the magistrate judge's order denying the same (DN 97) on May 30, 2014, Hackney should have been permitted an additional 45 days from that date within which to complete discovery. However, in our Order dated May 30, 2014 (DN 124), we afforded Hackney only 21 days within which to file his response to Lincoln's Motion for Summary Judgment. For these reasons, we conclude that Hackney has adequately demonstrated the need for additional discovery under Rule 56(d). Accordingly, we will hold the motion for summary judgment in abeyance for an additional 45 days in order to afford Hackney the opportunity to complete discovery. After the expiration of this 45-day period, Hackney will have an additional 21 days within which to file a supplemental response brief, if he chooses to do so.

A separate order will be entered in accordance with this opinion.

7

August 12, 2014

Charles R. Simpson III, Senior Judge
United States District Court