UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JAMES W. HACKNEY                                                        PLAINTIFF

v.                            CIVIL ACTION NO. 3:12-cv-00170-CRS-CHL

LINCOLN NATIONAL LIFE
INSURANCE COMPANY and
VASCULAR SOLUTIONS, INC.                                 DEFENDANTS

Memorandum Opinion

I.     Introduction

This matter is before the Court on the motion of Plaintiff James W. Hackney to certify a question to the Supreme Court of Kentucky, ECF No. 180. Defendant Vascular Solutions, Inc. (VSI) responded, ECF No. 181. Hackney replied, ECF No. 182. For the reasons explained below, the Court will deny Hackney's motion to certify a question to the Supreme Court of Kentucky.

II.     Background

In 2011, Hackney was terminated from his position with VSI for failing to return from a seven-month medical leave. *See* Order 5/14/2015 2–3, ECF No. 157. Hackney maintained that he did not return to VSI because his hypoparathyroidism rendered him totally disabled. *Id*. But VSI considered Hackney's failure to return to his position as "job abandonment" and refused to pay him severance as was required under Hackney's employment agreement. *Id*. During his leave, Hackney applied for and was denied benefits under VSI's Salary Continuation Plan, which was administered by Lincoln National Life Insurance Company ("Lincoln"). *Id*.

Hackney filed a variety of claims against VSI and Lincoln. Hackney claimed that VSI breached the employment agreement, the Salary Continuation Plan, and its duty of good faith and fair dealing under the employment agreement and the Salary Continuation Plan. Compl. ¶¶ 41–48, ECF No. 1-1. He also asserted that VSI failed to pay him wages in violation of Kentucky Revised Statute § 337.385. *Id*. ¶¶ 49–55. Hackney also claimed that VSI and Lincoln engaged in the unlicensed practice of medicine in violation of Kentucky Revised Statute § 311.560. *Id*. ¶¶ 71–75. Summary judgment was later granted to VSI and Lincoln on all claims. Order 5/30/2015 1, ECF No. 124; Order 5/13/2015 1, ECF No. 158.

The United States Court of Appeals for the Sixth Circuit reversed the Court's grant of summary judgment on Hackney's breach of contract claims and his breach of the duty of good faith and fair dealing claims. *Hackney v. Lincoln Nat'l Fire Ins. Co.*, 657 F. App'x 563, 579 (6th Cir. 2016). The Sixth Circuit affirmed the grant of summary judgment on all other claims. *Id*. In considering the validity of the employment contract, the Sixth Circuit wrote that "the term 'job abandonment' is ambiguous. The contract does not define the term, and this lack of specificity is problematic because of the term's multiple reasonable meanings." *Id*. at 573. The appellate court later stated:

> It is unclear whether Kentucky law contemplates entering judgment against the drafter of an ambiguous contract as a matter of law or if, because "job abandonment" is ambiguous, the meaning of the term is now a question for the fact-finder, who should construe it with the aid of extrinsic evidence of the parties' intent. In light of this uncertainty, and in an abundance of caution, we conclude that "job abandonment" is ambiguous as a matter of law, and remand the case so that the parties may present extrinsic evidence of their intent to the district court, if such evidence exists.

*Id*. at 573.

In February 2017, after the Sixth Circuit remanded the case, the parties appeared before this Court for a pretrial conference. Not. Filing Official Tr. 1, ECF No. 173. In relevant part, the

parties discussed the intended meaning of "job abandonment" included in Hackney's employment agreement. Order 2/08/2017 1, ECF No. 175. The Court ordered the parties to jointly report a potential certification of law to be submitted to the Supreme Court of Kentucky that would seek an answer to the Sixth Circuit's question of whether Kentucky law "contemplates entering judgment against the drafter of an ambiguous contract as a matter of law" or "if the meaning of the term is now a question for the fact-finder, who should construe it with the aid of extrinsic evidence of the parties' intent." *See id*. at 2.

The parties were unable to agree on a potential certification of law to be submitted to the Supreme Court of Kentucky or any "statement of all facts relevant to the questions certified," as required by Rule 76.37 of the Kentucky Rules of Civil Procedure. Hackney then independently moved to certify the following question to the Supreme Court of Kentucky:

> Whether in construing an ambiguous and outcome determinative contractual term in a standard-form employment agreement, a reviewing court should resolve the ambiguity against the drafting party and enter judgment in favor of the non-drafting party.

Mot. Certify 1, ECF No. 182.

III. <u>Standard</u>

Certification is a tool for a federal court "seeking guidance from a court to which [it is] bound to defer on issues of state law." *Rutherford v. Columbia Gas*, 575 F.3d 616, 623 (6th Cir. 2009) (Clay, J., dissenting). Sometimes, certification of a question to the state supreme court may "save 'time, energy, and resources and help build a cooperative judicial federalism.'" *Arizonans for Official English v. Ariz.*, 520 U.S. 43, 77 (1997) (citing *Lehman Brothers v. Schein*, 416 U.S. 386, 391 (1974)). Whether to certify a question to the Supreme Court of Kentucky is within this Court's discretion. *See Lehman Bros.*, 416 U.S. at 391. A federal court is not obligated to certify a question to a state supreme court. *Gascho v. Global Fitness Holdings*,

*LLC*, 918 F. Supp. 2d 708, 713 (S.D. Ohio, 2013) (citing *Lehman Bros.*, 416 U.S. at 391). In considering whether a state supreme court has already answered the question to be certified, the federal court does not need to determine that the state court "addressed the precise question presented so long as clear and well-established principles govern the decision." *Boyd County ex rel. Hedrick v. Merscorp, Inc.*, 985 F. Supp. 2d 823, 835 (E.D. Ky. 2014) (citing *Pennington v. State Farm Mut. Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009)).

IV. <u>Discussion</u>

Hackney argues that certification of his question to the Supreme Court of Kentucky should be granted because the Sixth Circuit determined that the question is unanswered by current Kentucky case law, and because, by certifying the question, "the parties and the Court can proceed with a clear mandate – and potentially avoid wasting judicial resources." Reply 1, ECF No. 182. VSI argues, however, that the Court should deny the motion to certify the question to the Supreme Court of Kentucky because "the Sixth Circuit gave specific instructions as to how this case should proceed on remand" and because "Kentucky law already makes clear that a mere ambiguity in a contract does not require that judgment be entered against the drafter." Resp. Opp. Mot. Certify 1, ECF No. 181.

Certification of Hackney's question to the Supreme Court of Kentucky would assist in answering the question posed by the Sixth Circuit of whether Kentucky law requires a trial court to enter judgment against the drafter of an ambiguous term in a contract as a matter of law or requires the fact finder to interpret the ambiguous term using extrinsic evidence. *See* Pretrial Conference Tr. 7–8, 10–11, ECF No. 173. Certification would ensure that the question would be answered by those in the best position of interpreting Kentucky law and would assist in the efficient use of judicial resources.

But upon careful consideration, this Court finds that the mandate rule ultimately bars certification of the question that Hackney submitted. The mandate rule provides that the "district court is without authority to expand its inquiry beyond the matters forming the basis of the appellate court's remand." *United States v. Campbell*, 168 F.3d 263, 265 (6th Cir. 1999*); see also Rochow v. Life Ins. Co. of N. Am*., 780 F.3d 364, 378 (6th Cir. 2015) ("A district court may not contravene an appellate court's mandate."). The mandate rule "forecloses relitigation of issues expressly or *impliedly* decided by the appellate court." *United States v. O'Dell*, 320 F.3d 674 (6th Cir. 2003) (internal citations omitted).

In this case, the Sixth Circuit wrote in its opinion, "[W]e conclude that "job abandonment" is ambiguous as a matter of law, and *remand the case so that the parties may present extrinsic evidence of their intent to the district court*, if such evidence exists." *Hackney*, 657 F. App'x at 579 (emphasis added). The appellate court specifically remanded the case "so that the parties may present extrinsic evidence." *Id*. This Court cannot disregard this order or expand its inquiry beyond these directions, including by certifying the proposed question to the Supreme Court of Kentucky; and regardless, even if the Supreme Court of Kentucky determined that the Court should grant judgment as a matter of law, the answer would not affect the validity of the appellate court's directive that the parties present extrinsic evidence on the parties' intent. As such, the Court declines to grant certification.

VMI's alternative argument that the Kentucky courts have resolved Hackney's proposed question for certification is unavailing. In its opinion in this case, the Sixth Circuit already determined that it is unclear whether Kentucky law "contemplates entering judgment against the drafter of an ambiguous contract as a matter of law" or "if, because 'job abandonment' is ambiguous, the meaning of the term is now a question for the fact-finder, who should construe it

5

with the aid of extrinsic evidence of the parties' intent." *Id*. This Court is bound by the Sixth Circuit's decision and cannot relitigate the issue.

IV.     Conclusion

The Court will deny Hackney's motion to certify a question to the Supreme Court of Kentucky. An order will be entered in accordance with this memorandum opinion.

August 4, 2017

Charles R. Simpson III, Senior Judge
United States District Court