UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JAMES W. HACKNEY                                                                                   PLAINTIFF

v.                                                                   CIVIL ACTION NO. 3:12-CV-00170-CRS

VASCULAR SOLUTIONS, INC.                                                                        DEFENDANT

## **MEMORANDUM OPINION**

### I.  Introduction

This case is before the court on defendant Vascular Solutions Inc.'s ("VSI") motion for partial summary judgment on plaintiff James W. Hackney's ("Hackney") tort claim for breach of the implied covenant of good faith and fair dealing, and his claims for non-contractual damages and attorney's fees. ECF No. 187. Hackney responded and VSI subsequently replied. ECF Nos. 191, 192. This matter is now ripe for review. For the reasons set forth below, VSI's motion for partial summary judgment will be granted.

### II.  Factual Background

The facts of this case have been recounted at length in this court's May 30, 2014 opinion and the Sixth Circuit's November 2, 2016 opinion. However, the court briefly will state the facts and procedural history pertinent to the present motion.

This action concerns two provisions of the Employment Agreement ("Agreement") Hackney entered into with his employer, VSI, in July 2010. The Agreement provided that Hackney was entitled to severance pay in the event that he was terminated from VSI for any

1

reason other than "Violating Conduct," which was defined to include "job abandonment." The Agreement did not define the term "job abandonment."

The Agreement also provided that Hackney was entitled to participate in a "Salary Continuation Plan" ("Plan"), which was administered by Lincoln National Life Insurance Company ("Lincoln"). Under the Plan, qualifying employees who became "totally disabled" could receive six months of continued salary benefits. The Plan defined "totally disabled" as the inability of the employee "to perform each of the main duties of [the employee's] regular occupation" due to sickness or injury. The Plan informed participants that payments under the Plan would continue until "the date you are no longer disabled" or "the date you fail to furnish proof that you continue to be disabled," among other dates.

In October 2010, Hackney notified his supervisor that he suffered from hypoparathyroidism, which he alleges rendered him permanently and totally disabled. He applied for Salary Continuation Benefits under the Plan, which was initially approved until November 2, 2010 by VSI, per Lincoln's recommendation. However, also per Lincoln's recommendation, VSI did not approve Hackney's request for continued benefits because they determined that he was not "totally disabled" under the Plan. Despite this determination, Hackney did not return to work at VSI.

After negotiations, VSI agreed to hold Hackney's position open until April 20, 2011. On April 4, 2011, Hackney informed VSI that his doctor had not yet released him to return to work. VSI terminated Hackney effective May 12, 2011. VSI informed Hackney that his termination was considered "job abandonment" and he was therefore not entitled to severance under his Employment Agreement.

Hackney filed a Complaint in Jefferson County, Kentucky Circuit Court on March 6, 2012, which was subsequently removed to this court based on diversity jurisdiction. Hackney's Amended Complaint asserted the following claims against VSI under Kentucky law: breach of contract; breach of the implied covenant of good faith and fair dealing; and wage and hour violations under KRS § 337.385. Hackney also brought a claim against Lincoln for tortious interference of contractual relations and claims against both VSI and Lincoln for the unlicensed practice of medicine under KRS § 311.560.

Lincoln and VSI both moved for summary judgment. On May 30, 2014, the court granted VSI's motion for summary judgment and dismissed all claims against it. The court subsequently granted Lincoln's summary judgment motion and also dismissed all claims against it. Hackney timely appealed both grants of summary judgment.

On November 2, 2016, the Sixth Circuit reversed the court's grant of summary judgment on Hackney's claims for breach of contract and breach of the implied covenant of good faith and fair dealing against VSI. The Court affirmed as to all other claims. VSI now moves for partial summary judgment as to Hackney's claim for breach of the implied covenant of good faith and fair dealing under tort law, and his claims for non-contractual damages and attorney's fees.

III.   Legal Standard

The trial court shall grant summary judgment in a case "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment bears the initial burden of "demonstrating that [there is] no genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the moving party satisfies this burden,

the burden then shifts to the nonmoving party to "point to evidence demonstrating that there *is* a genuine issue of material fact for trial." *Id.* at 323 (emphasis added).

In considering a motion for summary judgment, the court must consider the facts in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007). However, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). There must actually be "evidence on which the jury could reasonably find for the [nonmoving] party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

IV.  Discussion

VSI asserts that it is entitled to summary judgment on Hackney's tort claim for breach of the implied covenant of good faith and fair dealing, as well as his claims for non-contractual damages and attorney's fees. These arguments will be considered in further detail below.

A. Tort Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing

VSI first contends that it is entitled to summary judgment because Hackney's tort claim for breach of the implied covenant of good faith and fair dealing is not recognized under Kentucky law. Hackney, by contrast, contends that the Sixth Circuit mandated that a jury decide this issue. Taking the facts in the light most favorable to Hackney, the court agrees with VSI.

There is an implied covenant of good faith and fair dealing in every contract, "which imposes upon the parties a duty to act in a bona fide manner." *O'Kentucky Rose B. Ltd. P'Ship v. Burns*, 147 Fed. Appx. 451, 457 (6th Cir. 2005). "The covenant of good faith is an obligation owned by both parties, and breach of this covenant can be the basis of a viable breach of contract claim." *State Auto Property and Cas. Ins. Co. v. Hargis*, 785 F.3d 189, 196 (6th Cir. 2015).

4

Breach of this covenant can also serve as the basis of a tort claim, but only where the contract at issue was entered into by parties with some 'special relationship' "not found in ordinary commercial settings." *Ennes v. H & R Block Eastern Tax Servs., Inc.*, 2002 WL 226345, *2 (W.D. Ky. Jan. 11, 2002). To date, "Kentucky courts have only recognized the existence of such a relationship in the context of insurance contracts." *James T. Scatuorchio Racing Stable, LLC v. Walmac Stud Mgmt., LLC*, 941 F.Supp.2d 807, 816 (E.D. Ky. Apr. 19, 2013); *see also Ennes*, 2002 WL 226345 (W.D. Ky. Jan. 11, 2002) (declining to recognize the existence of a 'special relationship' in a franchisor-franchisee contract). Other circumstances which may give rise to a 'special relationship' include where the parties' bargaining power is unequal or there is some relationship of trust between them, where one party is particularly vulnerable, or where the parties have nonprofit motivations for contracting. *See Ennes*, 2002 WL 226345 at *2.

The contract at issue in this case is an employment contract, not an insurance contract. Further, none of the other circumstances which may give rise to a 'special relationship' are present in this case. Thus, Hackney cannot pursue a claim for breach of the implied covenant of good faith and fair dealing under tort law.

Hackney claims that this court must deny VSI's motion for partial summary judgment in light of the Sixth Circuit's mandate and the law-of-the-case. According to Hackney, the Sixth Circuit held that "whether [VSI] and Mr. Hackney were factually in a special relationship" is an issue for the jury. ECF No. 191, p. 2. He bases this argument on the following footnote from the choice-of-law section of the Sixth Circuit's opinion:

> Kentucky law does not clearly indicate whether good-faith-and-fair-dealing claims sound in contract or in tort. At least one district court case found that it sounds in tort only where there is a 'special relationship' between the parties—i.e. the insurer-insured context. *See James T. Scatuorchio Racing Stable, LLC v. Walmac Stud Mgmt., LLC*, 941 F.Supp.2d 807, 815-16 (E.D. Ky. 2013). Absent such a special relationship, it seems that a breach of the implied covenant of good

5

> faith and fair dealing sounds only in contract. *Id.* at 816. Either way, Kentucky law applies here. ECF No. 163, n. 3.

This footnote, which merely clarifies that Kentucky law must be used to resolve Hackney's good faith and fair dealing claim, does not support Hackney's argument. Any reading of this footnote as an invitation to bring a tort claim, or as an indication of the strength of that claim, is an overreading. The Sixth Circuit has not opined as to whether Hackney can make out a valid tort claim for breach of the implied covenant of good faith and fair dealing. Nor has it said that resolution of any such claim should be left to the jury. Therefore, despite Hackney's contention, the Sixth Circuit's opinion does not prevent this court from finding that the tort claim fails as a matter of law.

Accordingly, Hackney's tort claim for breach of the implied covenant of good faith and fair dealing fails as a matter of law.

B. <u>Claims for Non-Contractual Damages</u>

VSI next asserts that it is entitled to summary judgment on Hackney's claims for non-contractual damages. Hackney's supplemental Rule 26 disclosures indicate that, in addition to his contractual damages, he seeks $2,685,000.00 in unspecified good faith and fair dealing damages, $2,500,000.00 in mental anguish damages, and "a multiplier of nine (9) times the total of his liquidated and unliquidated damages" in pecuniary damages. ECF No. 187-4, pp. 4-5.

Under Kentucky law, "[t]he measure of damages for breach of contract is 'that sum which will put the injured party in the same position he would have been in had the contract been performed.'" *Hogan v. Long*, 922 S.W.2d 368, 371 (Ky. 1995) (citing *Perkins Motors, Inc. v. Autotruck Fed. Credit Union*, 607 S.W.2d 429, 430 (Ky. App. 1980)). Mental suffering damages are not available for breach of contract claims. *Peacock v. Damon Corp.*, 458 F.Supp.2d 411, 420 (W.D. Ky. Sept. 20, 2016). Likewise, punitive damages are ordinarily not available for

breach of contract claims, absent an accompanying tort. *General Acc. Fire & Life Assur. Corp. v. Judd*, 400 S.W.2d 685, 688 (Ky. Ct. App. 1966) (citing *Cumberland Tel. & Tel. Co. v. Cartwright Creek Tel. Co.*, 108 S.W. 875, 878 (Ky. 1908)). Because Hackney's only remaining claims are based in contract, he is not entitled to the aforementioned non-contractual damages. These claims therefore fail as a matter of law.

C. Claim for Attorney's Fees

Finally, VSI asserts that it is entitled to summary judgment on Hackney's claim for attorney's fees. Hackney's supplemental Rule 26 disclosures state that he seeks "attorney's fees and expenses totaling at least the greater of 35% of his liquidated and unliquidated damages or $350,000." ECF No. 187-4, p. 4. Under Kentucky law, attorney's fees are not recoverable unless expressly provided for by a statute or contract. *Cummings v. Covey*, 229 S.W.3d 59, 61 (Ky. Ct. App. 2007). All of Hackney's statutory claims have been dismissed, and it is not alleged that attorney's fees were provided for in the contract. Therefore, Hackney's claim for attorney's fees fails as a matter of law.

V. Conclusion

For the foregoing reasons, VSI's motion for partial summary judgment on Hackney's tort claim for breach of the implied covenant of good faith and fair dealing, as well as his claims for non-contractual damages and attorney's fees, will be granted. An order will be entered in accordance with this memorandum.

June 12, 2018

Charles R. Simpson III, Senior Judge
United States District Court